**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CINDY L. SNIDER,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CIV-07-1303-R |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
|    **Defendant.** | ) |

## **O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered September 11, 2008 [Doc. No. 16] and Plaintiff's Objection filed the same day [Doc. No. 17]. Plaintiff objects to the Report and Recommendation on the ground that the Magistrate Judge impermissibly shifted the burden of proof back to the Plaintiff at step five "to re-prove that she is disabled." Objection at p. 2. In support of this objection, Plaintiff points to a statement in the Report and Recommendation to the effect that Plaintiff's arguments fail to identify the relevant medical records to support a disability determination, citing page 5 of the Report and Recommendation. Plaintiff further states that "[t]he issue is and remains the ALJ's failure to provide any discussion or analysis of the medical treatment reports (which Plaintiff states that she detailed in her Opening Brief herein) and their impact at step five." Objection at p. 3. Plaintiff concludes by asserting that the ALJ's determination at step five is not supported by substantial evidence and that the

ALJ's reliance at step five solely upon the vocational expert's (VE) testimony is reversible error.

The Magistrate Judge in his Report and Recommendation discussed Plaintiff's failure to identify specific medical evidence which Plaintiff maintained the administrative law judge (ALJ) rejected or failed to give sufficient weight to in connection with the Plaintiff's claim that the ALJ erred at step two in finding Plaintiff's mental impairment was not severe and that her mental impairment resulted in only mild limitations in her daily living activities. *See* Report and Recommendation at p. 5 ("Without identifying any specific evidence in the record in support of this assertion of error . . . ."); *see also id.* at pp. 4-9. The Magistrate Judge thoroughly analyzed the ALJ's step two finding and the objective and subjective evidence in the record concerning Plaintiff's mental impairment and correctly concluded that substantial evidence in the record supported the ALJ's step two decision with regard to the Plaintiff's mental impairment. *See* Report and Recommendation at pp. 4-8. But Plaintiff in her Objection to the Report and Recommendation complains only of the ALJ's step five finding, the ALJ's sole reliance on the VE's testimony to support that finding and the Magistrate Judge's supposed shifting of the burden of proof to Plaintiff at step five.

In her Objection to the Report and Recommendation, Plaintiff does not challenge the ALJ's determination of Plaintiff's residual functional capacity, which is a step four determination. Nor does Plaintiff challenge the ALJ's determination that Plaintiff's subjective statements concerning the severity of her exertional and nonexertional limitations were only partially credible, which is also a step four determination. Plaintiff does not even

2

argue that at step five the ALJ in her hypothetical question posed to the VE failed to include all of the Plaintiff's limitations. Plaintiff's only arguments in support of her Objection to the Report and Recommendation – that the ALJ's sole reliance on the VE's testimony at step five was error and that the Magistrate Judge somehow shifted the burden of proof at step five to Plaintiff to "re-prove that she is disabled" – are without merit.

At step five, the ALJ satisfied her burden of proving that there are jobs in significant numbers in the national economy that the Plaintiff could perform considering her residual functional capacity, age, education, work experience and the limitations the ALJ found Plaintiff to have through the testimony of the vocational expert. *See general Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999). Although the VE did not reference the DOT numbers for the jobs he testified Plaintiff could perform in the *Dictionary of Occupational Titles* and the ALJ did not correlate the VE's testimony with the *Dictionary of Occupational Titles*, *see id.* at 1089, Plaintiff does not contend that there is a conflict between the VE's testimony concerning the job characteristics and the Dictionary. In fact, reference to "industrial order clerk" and "lock assembler" in the Dictionary of Occupational Titles reveals that there is no conflict between the VE's testimony concerning the exertional and skill levels for those jobs and those set forth in the *Dictionary* and that there is no inconsistency between the limitations the ALJ found Plaintiff to have and the requirements for performance of those jobs. *See Dictionary of Occupational Titles* at 221.367-022 & 706.684-074. Neither the ALJ nor the Magistrate Judge shifted the burden of proof to Plaintiff at step five and the ALJ's step five decision is supported by substantial evidence.

In accordance with the foregoing, the Report and Recommendation is ADOPTED in its entirety and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

IT IS SO ORDERED this 25th day of September, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE